UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMNER ISRAEL LOPEZ-HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT (I.C.E.); UNITED STATES ATTORNEY GENERAL; CHIEF OPERATOR OF THE DETENTION OPERATION MANUAL; ALL THE WARDEN OF THE JAIL AND DETENTION CENTERS CONTRACTED BY I.C.E.; ALL THE SERVICE PROCESSING CENTERS (SPCS); ALL THE CONTRACT DETENTION FACILITIES (CDFS); and ALL THE INTERGOVERNMENTAL SERVICE AGREEMENT FACILITIES (IGSA),<br><br>Defendants. | Case No. 15-CV-2941 (DWF/JJK)<br><br>REPORT AND RECOMMENDATION |

Plaintiff Amner Israel Lopez-Hernandez, a civil detainee at the McHenry County Jail in Woodstock, Illinois, commenced this action alleging that defendants have violated his constitutional rights and the constitutional rights of civil detainees like him held throughout the country. Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because it did not appear from Lopez-Hernandez's complaint that venue was appropriate in this District under § 1391(b), this Court ordered Lopez-Hernandez to show cause why this matter should not be transferred to the United States District Court for the Northern District of Illinois. *See* ECF No. 4. Lopez-Hernandez was informed that if he did not respond to the Order dated August 7, 2015 within 20 days, this Court would recommend that the action be transferred to that district. ECF No. 4. Lopez-Hernandez has not responded to the order to show cause. Accordingly, this Court now recommends that this matter be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be TRANSFERRED to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406.

Dated: September 28, 2015       *s/ Jeffrey J. Keyes*
    JEFFREY J. KEYES
    United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.